849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shahiar MERRIKH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 87-3816.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 8, 1988.
Decided: June 3, 1988.
 
 Mark A. Mancini, Wasserman, Mancini & Chang, Peter J. Kahn, William R. Murray, Jr., Williams & Connolly, for petitioner.
 Richard K. Willard, Assistant Attorney General, David J. Kline, Assistant Director, Donald E. Kenner, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, for respondent.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Shahiar Merrikh petitions this court for review of an order of the Board of Immigration Appeals dated March 20, 1987, denying Merrikh's motion to reopen his deportation proceedings.[1] In February, 1986, the Board of Immigration Appeals denied Merrikh's motion to reopen an order of the Immigration Judge denying his request for discretionary relief of waiver of deportation pursuant to 8 U.S.C. Sec. 1182(c). On March 18, 1986, Merrikh filed a motion to reopen his deportation proceeding with the Board. On February 24, 1987, this court affirmed the Board's order denying Merrikh's appeal from the denial of discretionary relief. On March 20, 1987, the Board of Immigration Appeals denied Merrikh's March 18, 1986 motion to reopen, which he had since supplemented. Merrikh now seeks review of that order. We find no abuse of discretion and deny the petition.
 
 
 2
 Merrikh is a native and citizen of Iran. In 1983, he was convicted in the United States District Court for the Middle District of Pennsylvania for conspiracy to manufacture, distribute and possess, with the intent to distribute, PCP; conspiracy to distribute and possess, with the intent to distribute, cocaine; and distribution of cocaine. He has since served his prison sentence. In our prior opinion, we found that the Board had not abused its discretion in denying Merrikh discretionary relief from deportation[2] and that the Immigration Judge and the Board had considered all the factors presented by Merrikh.
 
 
 3
 In the instant motion to reopen filed with the Board of Immigration Appeals, Merrikh argued that the Board had failed to consider all the relevant factors under 8 U.S.C., Sec. 1182(c); had failed to apply the proper legal standards; and had failed to consider six affidavits he had submitted. He also advised the Board that he had married a United States citizen, with a son by a prior marriage, subsequent to the Board's ruling denying discretionary relief. The Board considered all of Merrikh's arguments, paying particular attention to the subsequent occurring event of marriage. The Board assumed that Merrikh's marriage was bona fide and that his deportation would result in hardship to his wife and stepson but noted that the marriage occurred after the final administrative order of deportation when the parties were all aware of the possibility of deportation. While Merrikh's marriage was a matter to be considered in Merrikh's favor, the Board concluded, after considering the adverse evidence in the record including Merrikh's drug conviction, that it was not sufficient to warrant reopening the matter.
 
 
 4
 After reviewing the record and the briefs, the questions raised being recently authoritatively decided and oral argument being not necessary to aid in our decision, we find that the Board did not abuse its discretion in refusing to reopen the proceedings. See INS v. Rios-Pineda, 471 U.S. 444 (1985).
 
 Accordingly, the petition for review is
 
 5
 DENIED.
 
 
 
 [1]
 Merrikh previously filed a petition for a writ of mandamus with this court, No. 87-3813, to require the Board of Immigration Appeals to decide his motion to reopen deportation proceedings. Because the Board had since acted upon Merrikh's motion, the petition for a writ of mandamus was dismissed as moot
 
 
 [2]
 Merrikh had conceded that he was deportable but sought discretionary relief from deportation under 8 U.S.C. Sec. 1182(c)